**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SURPLUS SOURCE GROUP, LLC and | § | |
| ROBERT L. PRUITT, III, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-049 |
| | § | |
| MID AMERICA ENGINE, INC. and | § | |
| KEITH COLEMAN, | § | |
| Defendants. | § | |

**ORDER ON PLAINTIFFS' MOTIONS TO STRIKE
AND FOR JURISDICTIONAL DISCOVERY**

Before the court are the Plaintiffs' Motion to Strike Mid-America Engine's Amended Motion to Dismiss (de # 22) and a Response (de # 26) thereto and the Plaintiffs' Motion for Jurisdictional Discovery (de # 23) and a Response (de # 27) thereto. The court is of the opinion that the Plaintiffs' Motion to Strike should be DENIED and that the Plaintiffs' Motion for Jurisdictional Discovery should be GRANTED.

In their Motion to Strike, the Plaintiffs argue that the Defendants' pending amended motion to dismiss for lack of personal jurisdiction should be stricken as being untimely. Mid America was served with process on February 26, 2008, making its deadline to file a responsive pleading March 17, 2008. It did not file an answer, choosing instead to file a motion to dismiss. It filed a motion to dismiss on March 27, 2008 and an amended motion to dismiss on April 10, 2008. On April 14, 2008, the Plaintiffs filed their motion for entry of default against Mid America.

The Plaintiffs argue that, because the amended motion to dismiss was not filed until after the deadline by which a responsive pleading should have been filed that the motion should be stricken. The Plaintiffs' position "exalt[s] form over substance." *Villas at Parkside Partners v. City of*

*Farmers Branch*, No. 3:06-CV-2376-L, 2007 U.S. Dist. LEXIS 91021, at *8 (N.D. Tex. Dec. 11,

2007).  The Plaintiffs have had the opportunity to respond to the Defendants' amended motion and

have not been prejudiced by it.  *Id*.  In addition, Rule 12(a)(1)(A) imposes a twenty-day deadline

within which to "serve an answer."  But no limit is placed on the time within which a 12(b) motion

must be filed except that it "must be made before pleading if a responsive pleading is allowed." FED.

R. CIV. P. 12(b); *see also* 5C Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1391,

at 520 (3d ed. 2004) (stating that the defendant's right to respond should not be extinguished "if the

passage of time is not serious").

In the Plaintiffs' Motion for Jurisdictional Discovery, the Plaintiffs request that the court

grant jurisdictional discovery in the event that the court does not deny the pending amended motion

to dismiss.  At the scheduling conference on June 17, 2008, attended by counsel for both sides,

Plaintiffs' counsel indicated to the court that the briefing currently before the court enumerates

arguments sufficient to deny the amended motion to dismiss.  In addition, the court directed the

parties to engage in discovery so that this case may proceed towards trial.  If, as part of discovery,

either side wishes to discover additional facts bearing on the jurisdictional issues and such inquiries

reveal information germane to the amended motion to dismiss, the parties may supplement their

briefing on that motion on or before August 18, 2008.  The court is not, however, inclined to

consider the amended motion to dismiss, tentatively grant it, allow additional jurisdictional

discovery, wait for additional briefing and redecide the amended motion to dismiss as the Plaintiffs'

proposed course of action might dictate.

Based on the foregoing, the court is of the opinion that the Plaintiffs' Motion to Strike (de

# 17) should be, and hereby is, DENIED.  The court is also of the opinion that the Plaintiff's Motion

for Jurisdictional Discovery (de # 23) should be, and hereby is, GRANTED.

IT IS SO ORDERED.

**SIGNED this the 18th day of June, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE