**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SURPLUS SOURCE GROUP, LLC and ROBERT L. PRUITT, III, <br>     Plaintiffs, <br><br> v. <br><br> MID AMERICA ENGINE, INC. and KEITH COLEMAN, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 4:08-cv-049 |

## ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

Before the court are the "Plaintiffs' Motion to Enter Default Judgment as to Liability Against Mid America" (de # 17) and a Response (de # 19) and Reply (de # 24) thereto. Having considered the Motion, the arguments of the parties and the applicable law, the court is of the opinion that the Plaintiffs' Motion should be DENIED.

This lawsuit stems from a failed alleged joint venture. The Plaintiffs allege that the Defendants have not paid them their rightful share of the profits from seven transactions purportedly entered into between the joint venture and other contracting parties. The Defendants were served with process on February 26, 2008, and their answer deadline was March 17, 2008. On March 27, 2008, the Defendants filed a Motion to Dismiss, and on April 10, 2008, the Defendants filed their pending Amended Motion to Dismiss. In their Motion, the Plaintiffs ask the court to enter a default judgment against Mid America on their claim for an accounting. The Plaintiffs argue that the Defendants' untimely and "unsupported and deceptive motion to dismiss" is an affront to the court warranting an entry of default. (Pls.' Mot. 5.)

The policy of the courts in this circuit is to refrain from entering a default judgment because it is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme

situations." *Rogers v. Hartford Life & Accident Ins. Comp.*, 167 F.3d 933, 936 (5th Cir. 1999) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). A defendant's failure to meet a procedural time requirement is insufficient, standing alone, to warrant entry of default. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). However, a finding of willful default is cause for entering a default judgment. *Id*. Courts should consider factors such as

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Rule 55(a) governs the entry of default. That Rule states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The Defendants, having filed their Amended Motion to Dismiss have not "failed to defend" and are not subject to Rule 55(a). Whether that motion proves to be meritorious is a question for another day. Thus, the Plaintiffs' arguments as to the merits thereof are premature.

The court's conclusion regarding Rule 55(a), of course, does not preclude entry of a default judgment; it just means that a default judgment is not mandated. However, considering the above-quoted factors and the Fifth Circuit's general policy against entering default judgments, the court finds that doing so would be unwarranted by the circumstances. The court notes, as it did in its order of June 18, 2008, that the 20-day time for an answer in Rule 12(a)(1)(A) does not expressly apply to Rule 12(b) motions. Even assuming that the Defendants were in default, it is plain that they have

intended to defend this lawsuit from the beginning, and the Plaintiffs have shown no prejudice arising from the Defendants' short delay in filing their Motion to Dismiss. Moreover, the default judgment sought by the Plaintiffs would establish critical facts not conceded by the Defendants. This would be a draconian remedy for the minimal harm, if any, stemming from the Defendants' possibly untimely Motion. In short, the Defendants have not shown the kind of recalcitrance, dilatory posturing or indifference to suit that would justify entering a default judgment against them.

Based on the foregoing, the court finds that entry of a default judgment against Mid America would be inappropriate. Therefore, the court is of the opinion that the "Plaintiffs' Motion to Enter Default Judgment as to Liability Against Mid America" (de # 17) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 3rd day of July, 2008.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE