IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SURPLUS SOURCE GROUP, LLC and | § | |
| ROBERT L. PRUITT, III, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-049 |
| | § | |
| MID AMERICA ENGINE, INC. and | § | |
| KEITH COLEMAN, | § | |
|     Defendants. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION TO COMPEL

Before the court are the following:

1. Plaintiffs' Motion to Compel Discovery and Brief in Support (de # 57);

2. Defendants' Response to Plaintiffs' Motion to Compel (de # 62);

3. Plaintiffs' Reply in Support of Motion to Compel and Request for Hearing (de # 64);

4. Defendants' Surreply to Plaintiffs' Motion to Compel (de # 78);

5. Supplemental Declarations in Support of Motion to Compel (de # 82); and

6. Defendants' Response to the Supplemental Declaration in Support of Motion to Compel (de # 83).

This lawsuit involves the Defendants' alleged failure to split profits from a number of sales of industrial equipment in accordance with the details of a purported joint venture with the Plaintiffs. On July 8, 2008, the Plaintiffs served document requests on the Defendants. The Defendants responded on August 7, 2008. Over the next several months, the Defendants produced approximately 4,000 pages of documents, but the Plaintiffs claimed that the productions were incomplete. In addition, the Defendants have conducted two rounds of searches into their electronically stored information ("ESI") and produced responsive documents uncovered pursuant

thereto. The second search was conducted in late January and early February of 2009.

On December 10, 2008, defense counsel requested additional information from the Plaintiffs so that the second ESI search could be conducted. On January 20, 2009, Plaintiffs' counsel sent an email to defense counsel summarizing supposed shortcomings of the original ESI search gleaned from a conversation between Plaintiffs' counsel and the outside search firm that conducted the Defendants' original ESI search. Later that day, Mid America's in-house counsel responded by email, again requesting additional search terms so that a more comprehensive ESI search could be conducted. On February 5, 2009, Plaintiffs' counsel for the first time submitted a list of proposed search terms to conduct a second ESI search. By this time, however, the second search had been conducted, apparently utilizing some of the parameters set forth in Plaintiffs' counsel's January 20 email. (*Compare* Defs.' Sureply Ex. D. *with* Surreply Ex. G.) Responsive documents from that search have been produced to the Plaintiffs.

At issue is the production of financial documents related to the nine transactions for which the Plaintiffs seek remuneration for their role in the purported joint venture. These documents, the Plaintiffs contend, will allow them to calculate their alleged portion of the profits. The Defendants have maintained that their discovery responses are complete, and they persist in that position.

Federal Rule of Civil Procedure 26(b)(1) provides that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979). It is generally the rule that the responding party must bear the expense of complying with discovery requests. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S. Ct. 2380, 2393, 57 L. Ed.

2d 253, 269 (1978). The court may, however, shift the costs to the requesting party where doing so would protect the responding party from "undue burden or expense." *Id*.

At issue, then, are two competing interests: the "needs of broad discovery and manageable costs." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 311 (S.D.N.Y. 2003). The Defendants have not complained that the documents sought by the Plaintiffs are irrelevant, and the court's review of the record indicates that, if found, they would be relevant. The documents are discoverable under Rule 34. The presumption, then, is that the Defendants should bear the cost of obtaining them. *Oppenheimer*, 437 U.S. at 258.

Yet, the Defendants have shown a persistent willingness to aide the Plaintiffs in crafting an ESI search that would yield the documents if they do, in fact, exist. Going back to December of 2008, the Defendants have requested from the Plaintiffs the desired search terms that the Plaintiffs did not disclose until February 5, 2009, after the second ESI search was conducted. It is apparent to the court that, had the Plaintiffs provided the search terms included in their email of February 5, 2009 (*see* Surreply at Ex. K.) when first requested, the second search would have been conducted on those terms rather than on the terms upon which it was actually conducted. In other words, the second ESI search was only conducted because of the Plaintiffs' delay in forwarding to the Defendants the search parameters desired by the Plaintiffs.

Because the records sought by the Plaintiffs are indeed critical to the resolution of material issues in this case, their discovery should be allowed. Therefore, the court finds that a third ESI search should be conducted, and that search should be based on the parameters contained in Plaintiffs' counsel's email of February 5, 2008. However, the cost of searching for these records is likely to far exceed what it would have had the Plaintiffs been more diligent in communicating their

search terms to the Defendants because three searches will have been conducted rather than two. The search is conditioned on the Plaintiffs' willingness to pay the costs of the third ESI search up to the amount spent by the Defendants in conducting the second ESI search. If the third ESI search costs more than the second ESI search, the Defendants shall pay those expenses.

This approach comports with the Court's teaching in *Oppenheimer* that the responding party should typically incur the costs of responding but that costs may be shifted by the court in appropriate circumstances. The Defendants will end up paying the amount of the third ESI search, and the Plaintiffs will bear the costs of the second ESI search that would not have taken place but for their delay in communicating what the parameters of that search should have been. The court is, therefore, of the opinion that the Plaintiffs' Motion to Compel (de # 57) should be, and hereby is, GRANTED IN PART and DENIED IN PART insofar as it requests that a third ESI search be conducted. It is therefore

ORDERED that the Defendants conduct a third and separate search on all computers owned, leased or operated by Mid America Engine, Inc. or Keith Coleman, including desktop computers, laptops, personal digital assistants (PDAs), servers, tapes, archives and PST files using forensic software that supports all file formats that were used at Mid America Engine, Inc. and by Keith Coleman during the time at issue in this civil action using the search terms in ECF Document 78-11 and to produce to Plaintiffs' counsel all responsive documents within 21 days from the date of this order. It is further

ORDERED that said ESI search shall be contingent on the Plaintiffs' willingness to bear the costs of the search up to and in the amount of the second ESI search that was conducted by the Defendants in January and February of 2009. It is further

ORDERED that the Defendants shall bear any expenses incurred in conducting the third ESI search that exceed the cost of the second ESI search.

To the extent that the Plaintiffs continue to take issue with the Defendants' production of hard documents, the court notes that this is not a situation where one party is withholding documents pursuant to an objection, the validity of which could be determined by the court. If such were the case, the court could simply make a ruling and either compel the release of the documents or permit their continued retention. The Defendants have indicated in no uncertain terms that all documents at issue in the Motion have been produced. The court obviously can not compel the disclosure of documents that do not exist, and the Plaintiffs have not demonstrated that such documents do exist contrary to the Defendants' representations. In light of the Defendants' representations to the court, the Defendants' duty of candor to the court and the Defendants' ongoing duty to supplement discovery responses, FED. R. CIV. P. 26(e), the court is of the opinion that the Plaintiffs' Motion to Compel (de # 57) should be, and hereby is, DENIED insofar as it seeks the production of hard documents.

IT IS SO ORDERED.

**SIGNED this the 7th day of April, 2009.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE